UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHRYN HOTARD AND ALBERT HOTARD, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-304-JWD-EWD** |
| **SAM'S EAST, INC. AND JOSEPH BALDWIN** | |

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Kathryn Hotard ("Kathryn") on April 8, 2018 when Kathryn tripped and fell on an uneven area of the parking lot of a Sam's Club store owned and/or operated by Defendant Sam's East, Inc. ("Sam's") in East Baton Rouge Parish, Louisiana (the "Accident").[1] Kathryn alleges that the Accident was caused by the fault and negligence of Sam's, and its store manager, Defendant Joseph Baldwin ("Baldwin"), in failing to maintain the parking lot in a safe condition.[2]

On or about April 9, 2019, Kathryn and her husband Albert Hotard, Jr. ("Albert") (collectively, "Plaintiffs") filed their Petition for Damages ("Petition") against Sam's and Baldwin in the Nineteenth Judicial District Court for the Parish of East Baton Rouge asserting the foregoing claims and alleging that Sam's and Baldwin are jointly and/or solidarily liable to Plaintiffs.[3] On May 13, 2019, Sam's removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4]

---

[1] R. Doc. 1-1, ¶¶ 3-5.
[2] R. Doc. 1-1, ¶¶ 8-11.
[3] R. Doc. 1-1, ¶¶ 1-2.
[4] R. Doc. 1, ¶¶ 5-6, 16, and introductory paragraph. On the same day that the Notice of Removal was filed, Sam's filed its Ex Parte Motion to Substitute Notice of Removal, which amended the caption of the Notice. R. Doc. 2 p. 4. On May 14, 2019, the Court granted the Motion to Substitute. R. Doc. 3.

*Citizenship*

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Plaintiffs are domiciliaries of Louisiana and that Sam's is an Arkansas corporation with its principal place of business in Arkansas,[5] so these parties appear to be diverse. As set forth in the Petition and the Notice of Removal, however, Baldwin is not diverse from Plaintiffs.[6] Sam's asserts that Baldwin is "alleged to be a natural person of the full age of majority and a domiciliary of the Parish of East Baton Rouge, State of Louisiana. Mr. Baldwin was alleged to be the store manager of the Sam's Club…Mr. Baldwin has not been served and is improperly joined. Therefore his consent is not needed for removal."[7] Sam's contends that Plaintiffs have not pled any factual allegations against Baldwin personally and have no cause of action against him.[8] For these reasons, Sam's contends that Baldwin was fraudulently and/or improperly joined as a defendant by Plaintiffs in order to defeat diversity jurisdiction, and the "alleged lack of diversity caused by his presence does not bar removal by this Court."[9] Plaintiffs' Petition asserts:

11.

> Defendant, Joseph Baldwin, was at the time of this incident the store manager of Sam's Club store described above where the incident occurred and plaintiffs in this paragraph, plead by reference and reiterate the same allegations against Mr. Baldwin as are alleged against Sam's East, Inc. in paragraphs 8, 9, and 10 of this petition.[10]

---

[5] R. Doc. 1, ¶¶ 8, 10.
[6] R. Doc. 1, ¶ 11 and R. Doc. 1-1, ¶ 1(b).
[7] R. Doc. 1, ¶ 11.
[8] R. Doc. 1, ¶¶ 13-14.
[9] R. Doc. 1, ¶ 14.
[10] R. Doc. 1-1, ¶ 11. Paragraphs 8-10 of the Petition: allege Sam's negligence in failing to keep the parking lot safe, failing to take adequate protective measures, failing to warn Kathryn of unreasonably dangerous conditions, failing to

Considering Sam's position that complete diversity exists when the citizenship of Baldwin is not considered, Plaintiffs will be required to file either a motion to remand addressing the joinder of Joseph Baldwin, or an amended complaint deleting all claims against Baldwin if Plaintiffs agree Baldwin is improperly joined.

*Amount in Controversy*

With respect to the amount in controversy, it is not clear from the Notice of Removal or the Petition whether Plaintiffs' claims likely exceed $75,000, exclusive of interest and costs.[11] The Petition alleges Plaintiffs' injuries as follows:

> 6.
>
> The trauma of this incident has caused serious injuries to plaintiff.
>
> 12.
>
> As a direct result of this incident, plaintiff, Kathryn Hotard, suffered significant injuries to her person, and said injuries having caused plaintiff severe, continuing physical mental pain and suffering.[12]

In connection with these injuries, Kathryn seeks past, present, and future "extensive and significant physical pain and suffering," and mental pain, anguish, and suffering, as well as medical expenses, permanent disability, loss of enjoyment of life, and loss of income.[13] Albert seeks damages for his loss of consortium with Kathryn due to her injuries[14] and both Plaintiffs seek interest and court costs.[15]

---

inspect and maintain the lot; allege that Sam's had control over the premises and failed to exercise reasonable care; and allege that Sam's is responsible for the negligence of its employees pursuant to the doctrine of vicarious liability and *respondeat superior*. R. Doc. 1-1, ¶¶ 8-10.
[11] *See* 28 U.S.C. §1332(a).
[12] R. Doc. 1-1, ¶¶ 6, 12.
[13] R. Doc. 1-1, ¶ 13.
[14] R. Doc. 1-1, ¶ 14.
[15] R. Doc. 1-1, prayers for relief.

In the Notice of Removal, Sam's relies on the above allegations as support for the assertion that "it [is] facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs"[16] and also asserts that, "[u]pon information and belief, Kathryn Hotard has alleged to have torn her rotator cuff in her left arm."[17]

The foregoing does not provide enough information to determine if Plaintiffs' claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiffs' general allegations in the Petition of "serious injuries," and "significant injuries to [Kathryn]…said injuries having caused plaintiff severe, continuing physical mental pain and suffering," and demands for general categories of damages (*e.g.*, past, present, and future "extensive and significant physical pain and suffering," mental pain, anguish, and suffering, medical expenses, permanent disability, loss of enjoyment of life, loss of income and loss of consortium damages)[18] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, and cases cited therein.[19]

In this case, the only description of any of the actual injuries suffered by Kathryn is that she is "alleged to have torn her rotator cuff." There is no information regarding the nature of Kathryn's medical treatment, the actual amount of medical expenses Kathryn as incurred thus far, the nature of Kathryn's alleged "permanent disability," Kathryn's prognosis and recommended

---

[16] R. Doc. 1, ¶ 15.
[17] R. Doc. 1, ¶ 15.
[18] R. Doc. 1-1, ¶¶ 6, 12-13.
[19] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).

4

future treatment, and whether Kathryn is working/can work. Sam's has not offered any specific medical information regarding Kathryn's injuries, treatment, prognosis, and expenses in support of the amount in controversy, nor has Sam's offered any specific information regarding Kathryn's alleged loss of income. There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy. Based on the foregoing and taken as a whole, it is not facially apparent from either the Notice of Removal or the Petition whether Plaintiffs' claims are likely to exceed $75,000, exclusive of interest and costs.

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the proper parties are completely diverse and whether the amount in controversy requirement has been met.[20]

Accordingly,

**IT IS ORDERED** that on or before **June 20, 2019**, Defendant Sam's East, Inc. shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **July 5, 2019**, Plaintiffs Kathryn Hotard and Albert Hotard, Jr. shall address the citizenship issue by filing either: (1) a motion to remand addressing the joinder of Joseph Baldwin, or (2) an Amended Complaint deleting all claims against Baldwin. **IT IS FURTHER ORDERED** that on or before **July 5, 2019**, Plaintiffs Kathryn Hotard and Albert Hotard, Jr. shall address the amount in controversy issue by filing either: (1) a Notice

---

[20] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

stating that Plaintiffs do not dispute that Sam's East, Inc. has established the jurisdictional requirements of 28 U.S.C. § 1332; or (2) a motion to remand.[21]

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on June 6, 2019.

                              **ERIN WILDER-DOOMES**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[21] Only one motion to remand needs to be filed by Plaintiffs addressing either or both issues, as appropriate.